### WILLIAM LITTLE *vs.* ROGER E. PERKINS *et al.*

Where distinct and different penalties, alleged to have been incurred for distinct and different acts, were demanded in the same count in an action of debt upon a statute, the count was, on special demurrer, held to be bad.

THIS was an action of debt. The plaintiff alleged in his first count, that the defendants, on the 1st May, 1824, had erected and together possessed and kept a mill-dam, in the town of H. upon and across the Contoocook river, a stream falling into Merrimack river, so as to prevent the passage of salmon in Contoocook river, where said fish usually pass ; and the defendants did continue the dam, so erected, from said 1st May to the 20th June, in the same year, and did not, at any time from the 10th May in said year, to the 20th June aforesaid, keep open a sufficient passage for said salmon, &c. ; " by reason of which the defendants have, for " having, on the second day of May aforesaid, the mill-dam " erected, as aforesaid, forfeited the sum of $50, and for " continuing the same, so erected, from 1st May to 20th " June, being seven weeks, have forfeited a further sum of " $30 for each week of said seven weeks, amounting to " $210," &c.

There was a second count varying from the first only as to the time, when the defendants had the dam erected, and as to the time of continuing it.

To these counts the defendants demurred, and assigned for cause of demurrer, that each count contained two distinct causes of action ; and the plaintiff joined in demurrer.

*Noyes,* for the plaintiff.

The statute creates no penalty for erecting or continuing a dam, between the last day of October and the first day of May ; so that, if the dam be erected within that time, and be continued until after the first day of May, no penalty is forfeited for erecting the dam, unless the having of the dam between the first day of May and the last day of October, subjects the owner to a penalty of $50.

But if the dam be erected between the first day of May and the last day of October, then $50 is forfeited for the erection the day the dam is erected, and the forfeiture accruing daily, according to the time the dam is continued.

Little
*vs*
Perkins et al.

The intention of the act was to prevent the existence of the dam, from the first day of May to the last day of October, without a passage for fish, and therefore it could not have been intended, that the erection of a dam in April and the continuing of the same until November, should incur a less forfeiture, than the erection of a dam in August and the continuing of it afterwards.

Having the dam on the first day of May incurs the forfeiture of $50. Unless a person has the dam erected he cannot be said to continue it. The having of the dam and the continuing of it are but one act in continuation. If the dam be erected and destroyed the same hour, it cannot be supposed, that the penalty of $50 is forfeited. But if it be continued, after it is erected, a forfeiture accrues at the rate of $30 each week.

The penalty is cumulative, beginning with $50 for the dam so erected and increasing at the rate of $30 a week.— If the dam be continued through several years, the penalty of $50 is incurred on the first day of May in every year.

*Woodbury*, for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.*

The statute, upon which this action is founded, declares, " that no person, from the first day of May to the last day of " October, annually, shall erect, build, or continue any mill " dam, wear, or other obstruction upon or across" certain rivers and streams, where certain fish usually pass, so as to prevent the free passage of said fish in said streams, " on " penalty of forfeiting the sum of $50 for every mill dam, " or other obstruction, so erected, and also the sum of $30 " for continuing the same one week, and in that proportion " for a longer or shorter time. Provided nevertheless, that " it shall be lawful for the owners or proprietors of mill " seats, &c. to build dams across said rivers and streams, " provided they keep open a sufficient passage way for the " fish, &c. from the tenth day of May to the twentieth day " of June, and from the twentieth day of August to the " twentieth day of September annually."

---

* HARRIS, J. having been of counsel for the plaintiff, did not sit in this action.

The language of this statute seems to us to be too clear and explicit to be misunderstood. It has made it unlawful to erect, or to continue any obstructions to the free passage of fish in the rivers and streams, mentioned in the statute, between the first day of May and the last day of October annually, under a penalty of $50 for the erection, and a penalty of $30 a week for the continuance of the obstruction. But the proviso exempts from the operation of the statute the owners and proprietors of mill seats, who keep open a sufficient passage way for fish at certain seasons.

In this case the plaintiff demands, in his first count, a penalty of $50 of the defendants, for having, on the 2d May, 1824, a dam erected, and a penalty of $210 for continuing the same from the 1st May to the 20th June, in the same year; and the question is, whether, according to the rules of good pleading, these two sums can be demanded in one count?

It is very clear, that under the statute no forfeiture of $50 is incurred merely by having a dam, which has been already erected. That penalty is given for erecting a dam, and not for having one that is already erected. But as the plaintiff demands a distinct penalty for that cause, the question still arises, whether distinct and different penalties, for distinct and different acts, can be demanded in one count?

Where a statute creates a duty, and declares, that a particular sum shall be forfeited for every week, month, or year, it is omitted; or where a statute prohibits an act, and declares, that a certain sum shall be forfeited for every week or month, it is continued; in such case, the whole sum forfeited may be demanded in one count; because, in truth, there is but one forfeiture, the amount of which is measured by the lapse of time. Thus, in *Lilly's Entries* 151, there is a count against a vicar for non-residence seven months, and seventy pounds are demanded, to wit, ten pounds for every month. And see *Lilly's Ent.* 175, and 7 *Went. Pl.* 216.

So, where a statute prohibits a particular act, which may embrace several particulars of the same nature, under a penalty of a certain sum for each particular, the sum for-

<div style="float:left">Little<br>*vs.*<br>Perkins et al.</div>

feited for an act embracing several particulars, may be demanded in one count ; because the forfeiture is entire, although the amount of it is measured by several particulars. Thus, in 7 *Went. Pl.* 148, is a count in debt for buying eight partridges contrary to law, in which the sum of forty pounds is demanded, to wit, the sum of five pounds for each partridge. And see 7 *Went. Pl.* 225, 280.

But we are not aware that it has ever been held, that two distinct and different penalties for distinct and different acts, could be demanded in one count. 3 *D. & E.* 509, *Brooks vs. Milikin.*—5 *Mass. Rep.* 266, *Burnham vs. Webster.*

We are therefore of opinion, as duplicity is assigned as a cause of demurrer, that the first count must be adjudged insufficient. And as the second count stands on the same ground, and liable to the same objections, there must be

*Judgment for the defendants.*